**Richard M. BLACKSTOCK, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, et al., Defendants.**

No. 90–1036–CV–W–9.

United States District Court, W.D. Missouri, W.D.

March 14, 1991.

Richard M. Blackstock, Independence, Mo., pro se.

Alleen S. Castellani, U.S. Attorney's Office, Kansas City, Mo., and Douglas Frazer, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

BARTLETT, District Judge.

Plaintiff contends the Internal Revenue Service (IRS) wrongfully assessed taxes against him and collected or attempted to collect those taxes by way of a levy or levies filed pursuant to 26 U.S.C. § 6331. He brings this suit to obtain declaratory and injunctive relief alleging jurisdiction under various criminal statutes, under 28 U.S.C. §§ 1331, 1343 and 2410(a), and under the Administrative Procedure Act, 5 U.S.C. §§ 556(d) and 702. Specifically, plaintiff, acting without counsel, seeks to enjoin the IRS from executing on a tax levy.

The defendants seek dismissal of the Complaint for lack of subject matter jurisdiction. Defendants contend that I do not have jurisdiction because of the Anti–Injunction Act, 26 U.S.C. § 7421(a).

> Except as provided in sections 6212(a) and (c), 6213(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom the tax was assessed.

Defendants contend that statute prohibits any suit to restrain assessment or collection of taxes by the IRS.

## UNDISPUTED MATERIAL FACTS

1) The IRS served a Notice of Levy served on plaintiff's employer on November 7, 1990.

2) The IRS seeks to collect money due from plaintiff as a result of deficiencies in his tax payments for 1984–89. Notice of these deficiencies was given to plaintiff on November 6, 1990.

3) Although plaintiff disagrees with the amounts the IRS claims are due, he has neither filed a petition with the United States Tax Court nor has he paid the assessed amounts.

4) Plaintiff claims that, although he has income from wages, he does not believe he is a "taxpayer" within the legal definition of that term.

## DISCUSSION

None of the statutes upon which plaintiff bases his claim for relief are listed in § 7421(a). Unless plaintiff's claim is authorized by one of the statutes listed in § 7421(a), this case cannot proceed in this court.

In general, persons may contest a claimed tax deficiency by filing a timely petition in the United States Tax Court. In some instances, the taxpayer may pay the contested amount and seek a refund in federal district court. However, a taxpayer may not contest either his *taxpayer status* or the assessment and collection of taxes by filing in this court. *See Enochs v. Williams Packing and Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292,

*reh. denied,* 370 U.S. 965, 82 S.Ct. 1579, 8 L.Ed.2d 833 (1962); and *Laino v. United States,* 633 F.2d 626 (2d Cir.1980) (cannot circumvent Anti–Injunction Act by use of 28 U.S.C. § 2410(a)).

A narrow exception to the Anti–Injunction Act depends upon the taxpayer showing extraordinary and exceptional circumstances. *See Singleton v. Mathis,* 284 F.2d 616 (8th Cir.1960). No such circumstances appear here.

### CONCLUSION

In light of the Anti–Injunction Act, 26 U.S.C. § 7421, I have no jurisdiction to consider plaintiff's taxpayer status or to order the injunction that plaintiff seeks. If plaintiff wants to litigate in federal district court, plaintiff must pay the tax and file a timely claim for a refund as provided in 26 U.S.C. § 7422.

For the reasons stated, it is hereby ORDERED that defendants' Motion to Dismiss for lack of subject matter jurisdiction is granted.